IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANNE STARTARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 6464 |
| | ) |
| CREDIT BUREAU OF NORTH | ) |
| AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Credit Bureau of North America, LLC's (CBNA) motion for judgment on the pleadings and Plaintiff Joanne Startare's (Startare) motion for summary judgment. For the reasons stated below, we deny CBNA's motion for judgment on the pleadings and grant Startare's motion for summary judgment.

## BACKGROUND

Startare alleges that CBNA is a debt collector who tried to collect a debt Startare owed to American General Financial. Startare states that after CBNA tried to collect the debt, Startare contacted the Chicago Legal Clinic's Legal Advocates for

1

Seniors and People with Disabilities program (LASPD), seeking legal representation to address "her financial difficulties" and "CBNA's collection actions." (A Compl. Par. 7). Startare claims that on July 1, 2009, one of Startare's attorneys at LASPD sent CBNA a letter advising CBNA that Startare was represented by legal counsel and that, due to her financial circumstances, Startare refused to pay the debt (July 2009 Letter). According to Startare, the July 2009 Letter also directed CBNA to cease contacting Startare directly and to cease all further collection activities based on Startare's refusal to pay the debt. Startare claims that in spite of the letter, CBNA continued its collection activities by having a representative call LASPD on July 17, 2009, and August 25, 2009, to demand repayment of the debt.

Startare further alleges that in response to the CBNA representative's calls, one of Startare's attorneys at LASPD wrote a second letter to CBNA, which was dated August 31, 2009 (August 2009 Letter). Startare claims that the August 2009 Letter also requested that CBNA cease all collection activities based on Startare's refusal to pay the debt because of her financial circumstances. After receiving the August 2009 Letter, CBNA allegedly continued its collection activities by having the same CBNA representative call LASPD on September 22, 2009. During that call, the CBNA representative allegedly demanded that LASPD call CBNA back. Startare claims that on September 28, 2009, a paralegal from LASPD returned CBNA's call and spoke with another representative at CBNA, who again demanded that Startare pay the debt. Startare includes in her complaint a claim for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*. CBNA

has moved for judgment on the pleadings and Startare has moved for summary judgment.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) (Rule 12(c)) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)) motion to dismiss standard when ruling on Rule 12(c) motions. *Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 798 (7th Cir. 2004); *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. Thus, to defeat a motion for judgment on the pleadings, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(noting that "the old formula-that the complaint must not be dismissed unless it is beyond doubt without merit-was discarded by the *Bell Atlantic* decision")).

In ruling on a motion for judgment on the pleadings, the court must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex,* 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112,

1114 (7th Cir. 1995)). The main difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that a Rule 12(b)(6) motion may be filed before the answer to the complaint is filed, whereas a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* at 452 n. 3 (citing Fed. R. Civ. P. 12(c)).

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Startare alleges in her amended complaint and reiterates in her motion for summary judgment that CBNA violated 15 U.S.C. § 1692c(c) of the FDCPA by repeatedly contacting LASPD to demand payment of Startare's debt after receiving notification that Startare refused to pay the debt. Pursuant to 15 U.S.C. § 1692c(c),

> [i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c).

I. CBNA's Motion for Judgment on the Pleadings

CBNA has moved for judgment on the pleadings, arguing that 15 U.S.C. §

5

1692c(c) does not apply to communication with a consumer's attorney and that, even if 15 U.S.C. § 1692c(c) did apply to communication with a consumer's attorney, there was no violation of the FDCPA because the July 2009 Letter and the August 2009 Letter (collectively, LASPD's Letters) invited CBNA to further communicate with LASPD regarding Startare's debt.

A.  Applicability of § 1692c(c) to Communication with Attorneys

CBNA argues that there was no violation of the FDCPA because 15 U.S.C. § 1692c(c) does not prohibit a debt collector from further communicating with a consumer's attorney after a consumer has notified the debt collector in writing that the consumer refuses to pay a debt.  In support of its argument, CBNA relies on the definition of "consumer" found at 15 U.S.C. § 1692c(d), which states that "for the purpose of this section, the term 'consumer' includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  15 U.S.C. § 1692c(d).  CBNA reasons that the language of 15 U.S.C. § 1692c(c) is unambiguous and that if the legislature had wanted to prohibit communication with the consumer's attorney, it could have expressly done so by including the consumer's attorney in the definition of "consumer" found at 15 U.S.C. § 1692c(d).

Startare contends that 15 U.S.C. § 1692c(c) applies to communication with a consumer's attorney and that her argument is supported by the Seventh Circuit's ruling in *Evory v. RAM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007). CBNA argues that the decision in *Evory* relates to 15 U.S.C. § 1692e-f, not 15

6

U.S.C. § 1692c. (JP Reply 2-3). However, the Seventh Circuit's rationale in *Evory* for applying the FDCPA to communication sent to a consumer's attorney under 15 U.S.C. § 1692e-f is equally applicable to 15 U.S.C. § 1692c.

In *Evory*, the Seventh Circuit noted that the FDCPA "defines 'communication' as 'the conveying of information regarding a debt *directly or indirectly* to any person through any medium.'" *Id.* at 773 (emphasis in original)(citing 15 U.S.C. § 1692a(2)). The Seventh Circuit reasoned under the FDCPA, a consumer's attorney is both "any person" and "any medium" because the consumer's attorney necessarily shares or explains the communication received from the debt collector with his client. *Id.* Accordingly, the Seventh Circuit held that a debt collector is communicating with a consumer within the meaning of the FDCPA when the debt collector communicates with the consumer's attorney. *Id.* at 773, 777 (stating that it would be "unsound . . . to suppose that a communication to a person's lawyer is not a communication to the person"). There is nothing in *Evory* to suggest that a consumer's attorney would not similarly be a proxy for the consumer with respect to communication under 15 U.S.C. § 1692c(c).

In addition, CBNA's reliance on 15 U.S.C. § 1692c(d) is unpersuasive. The long-standing rules of statutory construction provide that the plain meaning of a statute controls, "except in 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of the drafters.'" *Newsom v. Friedman*, 76 F.3d 813, 819 (7th Cir. 1996)(quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242 (1989)(citation omitted)); *see also Merrill*

7

*Lynch, Pierce, Feiner & Smith, Inc. v. Later*, 49 F.3d 323, 327 (7th Cir. 1995)(stating that courts "look beyond the express language of a statute only where such language is ambiguous, or where a literal interpretation would lead to absurd results or thwart the goals of the statutory scheme")(citation omitted). In addition, when interpreting the wording of a statute, the court should "consider not only the words of the statute, but also the statute's structure." *Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010). Thus, the rules of statutory construction provide that 15 U.S.C. § 1692c(c) and U.S.C. § 1692c(d) must be read in the context of the statute as a whole and in light of the congressional purpose of the FDCPA.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In addition, the FDCPA includes multiple subsections that prohibit communication directly with a consumer if the debt collector knows that the consumer is represented by an attorney. *See, e.g.*, 15 U.S.C. § 1692b(6), 15 U.S.C. § 1692c(a)(2). Thus, the statute itself seems to contemplate that where the consumer has an attorney, that attorney necessarily stands in as a proxy for the consumer. Based upon the above, we find that 15 U.S.C. § 1692c(c) applies to communication with a consumer's attorney.

B.  Effect of Letters

CBNA also argues that even if § 1692c(c) applies to communication with a consumer's attorney, there was no violation of the FDCPA because the LASPD's Letters invited further communication from CBNA. (JP Mot. 4). A court may rule on a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. Since LASPD's Letters were attached as exhibits to the complaint, the court will consider them in ruling on CBNA's Rule 12(c) motion.

LASPD's Letters specifically advised CBNA that Startare refused to pay the debt and instructed CBNA to "cease all further collection activities." (A. Compl. Ex. C-D). LASPD's Letters also indicated that LASPD would be willing to provide CBNA "appropriate information" or answer questions and advised CBNA to "direct all future communications" to LASPD. (A. Compl. Ex. C-D). Any such communication was required to be consistent with the exceptions provided in 15 U.S.C. § 1692c(c), which permits communication "(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy." 15 U.S.C. § 1692c(c). CBNA's communication with LASPD did not involve any of

9

the communications specifically permitted above. CBNA's communications with LASPD involved continued attempts to collect the debt.

Startare has alleged that CBNA's violation of the FDCPA was not CBNA's contact with LASPD, but rather CBNA's improper communications, i.e. CBNA's attempts to collect the debt after LASPD had informed CBNA that Startare refused to pay the debt. (A. Compl. Par. 16). According to Startare, two different CBNA representatives called LASPD to demand payment of the debt at issue after CBNA received LASPD's Letters directing CBNA to stop its collection attempts. (A. Compl. Par. 8-12). Based upon such facts, CBNA's argument that Startare invited the communication at issue is without merit. LASPD's Letters in no way invited CBNA to violate the FDCPA. To the contrary, LASPD's Letters expressly instructed CBNA to cease its collection activities, while at the same time advising CBNA to direct any appropriate communication to LASPD. CBNA cannot properly claim that its continued attempts to collect the debt, after being expressly instructed to cease such activities, were invited by LASPD or authorized by 15 U.S.C. § 1692c(c). CBNA's communication with LASPD, namely its continued attempts to collect the debt, fell outside the exceptions contained in 15 U.S.C. § 1692c(c), and therefore violated the FDCPA.

II. Startare's Motion for Summary Judgment

Startare has moved for summary judgment, arguing that there are no genuine issues of material fact, and that, as a matter of law, CBNA violated 15 U.S.C. §

1692c(c). In support of her motion for summary judgment, Startare filed a statement of material facts pursuant to Local Rule 56.1(a)(3). Although CBNA responded to Startare's motion for summary judgment, CBNA's did not file any response to Startare's statement of material facts, as required by Local Rule 56.1(b)(3). As Startare points out, if the non-moving party fails to respond to the moving party's statement of material facts in the manner dictated by Local Rule 56.1(b)(3), the facts contained in the moving party's statement of material facts are deemed admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In addition, we note that CBNA indicated in its response to Startare's motion for summary judgment that Startare's motion was "a mirror image of [CBNA's] motion for judgment on the pleadings" and that "the facts set forth in [Startare's motion] . . . are essentially correct for the purposes of [Startare's] motion." (Resp. 1-2).

The facts are undisputed in this case. Startare is a consumer who owed a debt that CBNA was trying to collect. Startare's attorneys at LASPD notified CBNA in writing that Startare refused to pay the debt and directed CBNA to cease any further collection activities. After CBNA received the notification, CBNA continued to try to collect the debt by contacting LASPD and demanding payment of the debt. Pursuant to 15 U.S.C. § 1692c(c), with certain exceptions, a debt collector is prohibited from further communicating with a consumer regarding a consumer's debt "[i]f a consumer notifies [the] debt collector in writing that the consumer refuses to pay the debt. . . ." 15 U.S.C. § 1692c(c). As discussed above, 15 U.S.C. § 1692c(c) applies to communication with either a consumer or a consumer's attorney. Also as

discussed above, CBNA violated the FDCPA by improperly communicating with LASPD. Therefore, we grant Startare's motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny CBNA's motion for judgment on the pleadings and grant Startare's motion for summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 3, 2010